## LEANDER LENT *v.* HENRY B. JONES.

ᴏ̣ᴀ application, on appeal, to suspend or set aside a judgment and order a new trial, in a district court, where the judgment was recovered upon satisfactory evidence given by an indifferent witness, should be supported by other proof than the mere affidavit of the defendant, that so much is not due.

In such case, although the defendant's default of appearance is satisfactorily excused, further proof should be furnished than his affidavit; otherwise it does not appear, within the meaning of the statute, that "manifest injustice has been done."

Where the defendant states facts and circumstances showing that injustice has been in fact done, and that such facts and circumstances are within the knowledge of witnesses who refuse to make their affidavits, but who might be compelled to testify on a new trial; *it seems* that such affidavit might be deemed sufficient.

Whether counter affidavits can be submitted by the respondent, upon such an appeal? *Quere.*

Where a defendant, served with a summons from a district court, handed it to his attorney, who promised to appear, but, being called from town, placed it in charge of another attorney, and the latter, having lost the key to his desk, wherein the summons was deposited, proceeded, under a mistaken impression, to another court; *held,* that the defendant's default was sufficiently excused, within the meaning of § 366 of the Code.

THE defendant having been served with a summons issued from the Second District Court, delivered it to his attorney, and requested him to appear, answer the complaint and adjourn the cause. The latter promised to attend, but being under the necessity of leaving the city, he entrusted the summons to another attorney. On the return day, the latter discovering that he had lost the key of his desk, wherein he had placed the summons, proceeded to the Marine Court. It appearing that the suit was not commenced in that court, the desk was opened by a locksmith, and the attorney attended before the justice of the second district, but arrived after a judgment had been entered by default in favor of the plaintiff.

The action was founded upon a claim for labor and materials, and was sustained by a single witness, the father of the

plaintiff, who testified that the demand had been presented to and admitted by the defendant.

The cause now came before this court upon appeal, the defendant moving that the judgment be set aside or suspended, pursuant to § 366 of the Code of Procedure, and that a new trial be awarded. The circumstances above stated, in excuse for the default, were verified by the affidavits of the two attorneys referred to, and the defendant produced his own affidavit to the effect that his indebtedness to the plaintiff was in a sum materially less than the amount for which the judgment was rendered.

The plaintiff offered counter affidavits to the merits of the claim, verified by himself and by the witness who testified upon the trial.

*Louis N. Glover*, for the defendant.

*Benjamin M. Stilwell* and *S. E. Swain*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—I think the default of the defendant is so far excused, that if the defendant had shown, by affidavits or otherwise, that manifest injustice has been done, the judgment should be set aside or suspended, and a new trial ordered. Accidents, such as occurred in the present case, are liable to happen without any fault either in the party or his attorney; and if manifest injustice were shown to have resulted to the defendant, they ought to, and would, avail as an excuse for the default.

But the defendant here has not only failed to show that manifest injustice has been done to him, but on comparing his affidavit with the proceedings on the trial, it seems to me it would be unjust to the plaintiff to delay the recovery of his claim.

How far it is proper to look into counter affidavits, upon such an appeal, I entertain some doubt; but a defendant who seeks to prove that an injustice has been done to him, by allowing to the plaintiff a claim which is fully supported

by the testimony of an indifferent witness, should offer further proof than his own unsupported affidavit. To order a new trial upon the proofs before us—and no other proof is shown by the plaintiff to be within his power—would be of no avail to him. If he cannot produce the affidavit of any witness, he should at least show that there are witnesses who refuse to give their affidavits, and who have knowledge of facts to which they can be compelled to testify, and which, if proved, would reduce or disprove the plaintiff's claim. In a case like the present, it is obvious that if the work and materials are over charged, numbers of men, conversant with the business, might be found to state its value.

If the counter affidavits are to be regarded on this hearing, the injustice of opening the judgment is still more palpable. The proofs, then, show a plain case of attempt, by the defendant, to delay the plaintiff, after repeated promises, with the items all before him, to pay the plaintiff's bill.

I think the judgment must be affirmed.

*Judgment affirmed.*